UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     JS-6

Case No. **2:19-cv-00185 MWF (AFMx)**     Date: January 11, 2019

Title    **Housepath Partners, LP v. Peter D. MacConnell, Joyce MacConnell, and Does 1 to 10**

Present: The Honorable: MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Rita Sanchez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers)**     **ORDER REMANDING MATTER TO STATE COURT**

      On November 6, 2018, Housepath Partners, LP ("Plaintiff") instituted unlawful detainer proceedings against Peter D. MacConnell, Joyce MacConnell, and Does 1 through 10 ("Defendant") in state court. Defendant has allegedly continued in unlawful possession of the property located at 1261 Geraldine Lane, Lancaster, CA 93535 (the "Property") that was acquired by Plaintiff at a trustee's sale. Defendant has remained in possession of the Property and, on October 30, 2018, was served with a 3 day notice to quit. (Complaint, ¶ 8.) Plaintiff filed its unlawful detainer complaint in state court after Defendant failed to comply with the notice to quit. Defendant filed a Demurrer on November 8, 2018 and an Answer on November 26, 2018. Defendant removed the action to this Court on January 9, 2019. The Notice of Removal asserts federal question jurisdiction in this Court and refers to violations of federal housing and civil rights laws by Plaintiff. The Notice of Removal at page 9 is also explicit in stating that Defendant is not asserting diversity jurisdiction: "THIS IS NOT BASED on grounds of diversity of citizenship . . . ." (emphasis in original.)

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:19-cv-00185 MWF (AFMx)**                                    Date: January 11, 2019

Title       **Housepath Partners, LP v. Peter D. MacConnell, Joyce MacConnell, and Does 1 to 10**

792 F.2d 925, 927 (9th Cir. 1986).  Further a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Subject matter jurisdiction exists over civil actions "arising under" federal law.  28 U.S.C. § 1331.  A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plaintiff's Complaint herein contains a single cause of action for unlawful detainer, a state law claim.  The Complaint makes no reference to the FDCPA.  There is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law.  *See Caterpillar, Inc.*, 482 U.S. at 392-93.  This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's Complaint.

Defendant also alleges that jurisdiction exists under 28 U.S.C. §1443(1).  "'[T]he ground for removal [under section 1443(1)] is both specific and extremely narrow.'"  *JP Morgan Chase Bank, NA v. Reznik*, 2015 WL 5156442 at *2 (C.D. Cal. Sept. 1, 2015) (quoting *Davis v. Superior Court of State of Cal.*, 464, F.2d 1272, 1273 (9th Cir. 1972).  Attempts to use section 1443(1) as a basis for removal of unlawful detainer actions have been repeatedly rejected by the district courts in California.  *See, e.g., JP Morgan Chase Bank, NA, supra; Deo v. Guzman*, 2015 WL 6123735 (E.D. Cal. Oct. 16, 2015); *Bank of America, N.A. v. Amil,* 2013 WL 1283444 at *3 (N.D. Cal. Feb. 1, 2013); *HSBC Bank USA v. Cabal*, 2010 WL 3769092 (S.D. Cal. Sept. 21, 2010).  Section 1443(1) provides a two-part test that must be met for removal:  "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. . . .  Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970).  As to the first prong, Defendant has made reference to a variety of federal statutes and constitutional provisions.  Assuming *arguendo* this satisfies the requirement of "explicit statutory enactment protecting equal racial civil rights," the Notice of Removal does not meet the second prong.  Defendant has failed to identify any California statute or constitutional provision that commands California courts to ignore their federal rights.  *See Patel v. Del Taco, Inc.* 446 F.3d 996, 999 (9th Cir. 2006) (case remanded where defendants "point to no formal expression of state law that prohibits them from enforcing their civil rights in state court nor  . . . to anything that suggests that the state court would not enforce their civil rights in state court proceedings.")  The specific state law provisions cited in the Notice of Removal – "California Civil Code procedures authorizing evictions" (cited at page 7),

California Civil Code § 2924 (foreclosure statute, cited at page 8) and California Rule of Civil Procedure 367 (real party in interest, cited at page 14) – cannot be read to require California state courts to disregard federal racial civil rights.  *See JP Morgan Chase Bank, NA* at *2 (citation to California's non-judicial foreclosure and unlawful detainer statutes did not satisfy the "specific and extremely narrow" removal requirements of section 1443).  Finally, to the extent Defendant seeks to assert other federal civil rights claims via counterclaims, that does not create federal question jurisdiction because no federal question is presented on the face of Plaintiff's Complaint.

      Moreover, the notice of removal has not alleged diversity jurisdiction, and it is clear from the Complaint that no diversity jurisdiction exists under 28 U.S.C. § 1332.

      The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.


cc:  Pro Se Defendant